UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESCO CORP. et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CASHMAN EQUIPMENT CO. et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 2:12-cv-01545-RCJ-NJK <br><br> **ORDER** |

Plaintiffs sued Defendants in this Court for patent infringement. Pending before the Court is Defendants' Motion to Dismiss or Transfer Venue (ECF No. 28). For the reasons given herein, the Court transfers the case to the Central District of Illinois under 28 U.S.C. § 1404(a).

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff ESCO Corp. ("ESCO") is an Oregon corporation that designs, manufactures, and sells mining, infrastructure, and industrial parts and tools. (Am. Compl. ¶¶ 6, 13, Oct. 5, 2012, ECF No. 27). Plaintiff ESCO Canada, Ltd. ("ESCO Canada") is a Canadian corporation engaged in similar endeavors in Canada. (*Id.* ¶¶ 7, 15). Plaintiffs do not allege the corporate relationship, if any, between them. (*See generally id.*). Defendant Cashman Equipment Co. ("Cashman") is a Nevada Corporation. (*Id.* ¶ 8). Defendant Caterpillar Global Mining LLC ("Caterpillar Global") is a Delaware corporation with its principal place of business in Wisconsin. (*Id.* ¶ 9). Caterpillar, Inc. ("Caterpillar") is a Delaware corporation with its principal place of business in Illinois. (*Id.*

¶ 10). Defendant Raptor Mining Products (USA), Inc. ("Raptor USA") is a Delaware corporation. (*Id.* ¶ 11). Defendant Raptor Mining Products (USA), Inc. ("Raptor") is a Canadian corporation. (*Id.* ¶ 12).

ESCO Corp. owns U.S. Patent Nos. 7,178,274; RE43,693; 8,122,621; and 5,241,765; and ESCO Canada owns U.S. Patent No. 7,640,684. (*Id.* ¶¶ 14, 16). Plaintiffs bring five claims of patent infringement under 35 U.S.C. § 271. Plaintiffs allege that all Defendants are infringing all five patents, except that they do not allege that the Raptor Defendants are infringing the '765 Patent. (*See id.* ¶¶ 24–61). Defendants have asked the Court to dismiss based upon the pendency of another, earlier-filed suit pending in the Central District of Illinois (the "Illinois Case"), or, alternatively, to transfer the case to that district pursuant to 28 U.S.C. § 1404(a).

## II.  DISCUSSION

The Court should dismiss for improper claim-splitting any affirmative claims in the present case that were filed by the same party as affirmative claims in an earlier action and which would be precluded in the present case were there a final judgment on the merits as to the claims in the earlier-filed case. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007). On the other hand, a party defending a claim in an earlier-filed action may bring a similar affirmative claim in another court without violating the anti-claim-splitting rule.

Defendants adduce the verified complaint ("Illinois VC"), the first amended complaint ("Illinois FAC"), and the answer and counterclaims to the first amended complaint ("Illinois A&CC") from the Illinois Case. In the Illinois VC, Caterpillar sued ESCO for breach of contract, for an injunction, and for a declaration that Caterpillar had not infringed the '274 or '684 Patents or U.S. Patent No. 7,640,685. (*See* Illinois VC, Jan. 12, 2012, ECF No. 28-3, at 31). The Illinois FAC added no claims. (*See* Illinois FAC, Feb. 17, 2012, ECF No. 28-3, at 87). ESCO brought counterclaims for infringement of the '274 Patent and U.S. Patent No. 7,640,685. (*See* Illinois A&CC, Aug. 29, 2012, ECF No. 28-3, at 112).

Count 2 by ESCO against Caterpillar for infringement of the '274 Patent is barred by the anti-claim-splitting rule. ESCO has brought this claim as a counterclaim in the Illinois Case. Therefore, it cannot bring the same claim here. The claim is not precluded as between other parties, however. And no other claims appear to be preluded under the anti-claim-splitting rule based upon the Illinois Case. Although Caterpillar has asked the Illinois court via the Illinois FAC to declare that it has not infringed the '274 or '684 Patents, Caterpillar has not brought similar claims here. It is ESCO that has sued Caterpillar here for infringing those patents (and three others), but Caterpillar has not split any claims by bringing them in two courts simultaneously.

It also appears that two more of ESCO's claims in the present case are compulsory counterclaims to the Illinois FAC insofar as they are brought against Caterpillar. Although ESCO alleges the infringement of four patents in the present case, and Caterpillar in the Illinois Case has asked that court to determine only that it is not infringing two of those patents (nor a third patent not at issue in the present case), the alleged infringement of three of the patents at issue in the present case "arises out of the transaction or occurrence that is the subject matter of" Caterpillar's claims in the Illinois Case. *See* Fed. R. Civ. P. 13(a)(1)(A). The Illinois Case claims arise out of Caterpillar's development of its "CapSure" system. Counts 2–4 in the present case, for infringement of the '274; '693; and '621 Patents, also arise out of Caterpillar's development, use, etc. of its CapSure system. Counts 2–4 by ESCO against Caterpillar therefore must be brought as compulsory counterclaims in the Illinois Case. ESCO has brought only Count 2 as a counterclaim against Caterpillar in the Illinois Case. Counts 3 and 4 are therefore barred in the present case under Rule 13(a). The claims are not barred by Rule 13(a), however, insofar as ESCO brings them against any other party than Caterpillar, or insofar as ESCO Canada brings them against any party.

In summary, Count 2 by ESCO Corp. against Caterpillar, Inc. should normally be

dismissed for improper claim-splitting, and Counts 3–4 by ESCO Corp. against Caterpillar, Inc. should normally be dismissed under Rule 13(a).  However, the Court will not dismiss, but transfer under § 1404(a).  Because three of the patent infringement claims by one of the two Plaintiffs against one of the five Defendants must be brought in the Illinois Case, if at all, the convenience of the parties and witnesses, as well as judicial economy, will be best served by a transfer to the Central District of Illinois for centralized litigation.

Plaintiffs have no special connection to Nevada.  Only one of five Defendants (Cashman, a Nevada dealer of the other Defendants' products) appears to have any special connection to Nevada, and that Defendant has joined the motion to transfer.  The evidence in the case will mainly concern the alleged infringement of Oregon and Canadian companies' patents by companies whose headquarters are in Illinois, Wisconsin, and Canada.  Cashman, although it could also be liable for infringement because of its position as a retailer of infringing products, appears to have no special relationship to the underlying breach of contract/infringement dispute.  It is simply a dealer of other Defendants' products that happens to be in Nevada.  There are likely such potential defendants in nearly every state.

Next, the fact that mining is of special interest to the state of Nevada is unimportant in the context of the present case, as the act of mining has an extremely attenuated relation to the present patent infringement action.  No mining activity or regulations are directly at issue, and there is no indication the present patent dispute will disrupt mining operations.

Next, the fact that the District is a participant in the Patent Pilot Program, although it could be important in another case, is not significant enough to overcome the current judicial emergency in the District, especially given the relatively minor contacts the present case has with the State of Nevada as compared with the State of Illinois, where the chief alleged infringer has its principal place of business.  It is that corporate headquarters where the alleged infringing activity and any evidence thereof is likely to be concentrated.

1    Next, except for the Nevada witnesses, whose only relevant testimony is likely to be,
2 "Yeah, we sold those," Nevada is no more or less convenient than Illinois for the witnesses
3 located in Oregon and Canada, and it is significantly less convenient for the Illinois and
4 Wisconsin witnesses.  Because Chicago is a major air traffic hub, flights to Peoria via Chicago
5 will not be significantly less convenient than flights to Reno for those witnesses located in
6 Oregon and Canada.  And witnesses from Oak Creek, Wisconsin can drive to Chicago in roughly
7 two hours.
8    Also, ESCO Canada argues that it cannot be joined as a defendant in the Illinois Case
9 because there is no personal jurisdiction over it there.  But transfer from this District to the
10 Central District of Illinois in a case where ESCO Canada is a Plaintiff as to a federal cause of
11 action is not prevented by the fact that it could not be sued in Illinois, even assuming that is the
12 case.  A district court may transfer a case under § 1404(a) to any district where the case could
13 have been brought. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (citing 28 U.S.C.
14 § 1404(a)).  ESCO Canada is a Plaintiff in the present case and could have sued Defendants in
15 the Central District of Illinois.  It does not matter to the transferability of the present case whether
16 Caterpillar could have joined ESCO Canada as a defendant in that district.  The Defendants in
17 the present case could of course be heard to argue against transfer to Illinois based upon a lack of
18 personal jurisdiction or venue, but they have all joined the present Motion.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss or Transfer Venue (ECF No. 28) is GRANTED IN PART and DENIED IN PART. The case is TRANSFERRED to the Central District of Illinois.

IT IS FURTHER ORDERED that the Clerk shall TRANSFER the case to the Central District of Illinois and close the case administratively in this District.

IT IS SO ORDERED.

Dated this 27th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge